UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

**ROBERT E. GASBARRO,**
    Plaintiff

v.                                                           C.A. No.

**CHISWICK, INC.,**

    Defendant                    **05-10366MLW**

### COMPLAINT

This action is commenced by Robert E. Gasbarro (hereafter "Gasbarro" or "Plaintiff") against Chiswick, Inc. (hereafter "Chiswick" or "Employer" or "Company" or "Defendant"), in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. §§12001 et seq., the Age Discrimination in Employment Act of 1990, 42 U.S.C. Sections 12001 et seq., in addition to other federal, state, and common law claims.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to, inter alia, §107(a) of the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. §12117 (a), which incorporates by reference §§706(f)(1), and pertinent provisions of the ADEA, 29 USC, s621-634. All conditions precedent to establishing this court's jurisdiction have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the Commonwealth of Massachusetts. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this

court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to, inter alia, 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), because:

   a) the alleged unlawful practices occurred and are continuing to occur within the Commonwealth of Massachusetts, and in this judicial district;

   b) all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business in Sudbury, Massachusetts, within this judicial district; and

   c) the Plaintiff would currently be an active employee of the Defendant and working at its place of business in Sudbury, Massachusetts, within this judicial district, as a full-time employee, but for the Defendant's unlawful employment practices.

4. On or about August 5, 2003 Gasbarro timely filed a formal Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that he had been subjected to unlawful discrimination and related retaliation on the basis of his disability and age (MCAD #: 03BEM02073 and EEOC #: 16CA302294).

5. In timely fashion, Gasbarro requested Right To Sue authorization from the appropriate administrative agency(ies), and has filed this action within ninety (90) days of his receipt of the appropriate notification(s), and has fulfilled all other conditions precedent to the institution of each count of this action (EXHIBIT A).

## PARTIES

6. The Plaintiff, Robert E. Gasbarro, an individual, is a citizen and resident of the Town of North Providence, Rhode Island.

7. On information and belief, Chiswick, Inc. is a domestic corporation, conducting business pursuant to the laws of the Commonwealth of Massachusetts, and maintaining a facility and principal place of business in Massachusetts, located at 33 Union Avenue, Sudbury, Massachusetts 01776.

8. At all times material to the allegations of this Complaint, the Defendant has continuously, and does now, employ at least 500 or more employees in the Commonwealth of Massachusetts.

9. At all times material to the allegations of this Complaint, the Defendant was and is an employer covered under the provisions of M.G.L.A. CH. 151B. At all times material to the allegations of this Complaint, Plaintiff was protected and was qualified to assert this action, under the provisions of M.G.L.A. CH. 151B.

10. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and §107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§701(g) and (h) of Title VII, 42 U.S.C. §2000e (g) and (h).

11. At all times material to the allegations of this Complaint, the Defendant qualified as an employer and/or has been a covered entity pursuant to applicable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e—2000e-17 et seq., and M.G.L.A. Ch. 151B, and any other state or federal statutes referenced in this Complaint, as well as under §101(2) of the ADA, 42 U.S.C. §12117(2), and pertinent provisions of the ADEA, 29 USC. Defendant at all times pertinent to this action was an

employer within the meaning of M.G.L.A. CH. 151B, and all other provisions pertinent to this action.

12. At all times material to the allegations of this Complaint, Gasbarro was and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a); qualifies as a person with a disability under 42 U.S.C. 12112(a); and is otherwise covered as an individual and/or an employee under the provisions of M.G.L.A. CH. 151B. At all times material to this action, Gasbarro was a "handicapped person" within the meaning of M.G.L.A. CH. 151B; an "employee" under M.G.L.A. CH.151B, and was protected under the provisions of M.G.L.A. CH. 151B.

13. Gasbarro held the status of a person with a disability, as defined in §3(2) of the ADA, 42 U.S.C. 12102, and pursuant to pertinent state law, because he:

    a.    has a physical or emotional impairment that substantially limits one or more of her major life activities;

    b.    has a record of such an impairment; and/or

    c.    is and was regarded by the Defendant as having such an impairment.

14. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendant, with respect to all allegations of this Complaint, and the Defendant knew or should reasonably have known of their unlawful conduct.

## FACTS COMMON TO ALL COUNTS

15. At the time of the events pertinent to this Complaint, Plaintiff was fifty-five years of age (DOB 5-11-47.)

16. Plaintiff began working for the Defendant as the Manager of Inventory Control in March of 2000.

17. During the tenure of Plaintiff's employment, Plaintiff was able to perform all of his duties in a satisfactory manner, meeting or exceeding the Employer's legitimate expectations. Plaintiff's only two periodic performance reviews indicated he performed in a manner which exceeded the employer's requirements.

18. During the last several months of Plaintiff's employment, Plaintiff experienced treatment by supervisory personnel which had a negative impact on the terms and conditions of his employment and his emotional and physical well-being.

19. During the last several months prior to Plaintiff's termination, Plaintiff suffered extreme stress and anxiety in the workplace due to what Plaintiff's perceives as threatening and harassing treatment by supervisory personnel.

20. In January 2003, the stress and anxiety emanating from the workplace, culminated to the point where Plaintiff suffered a syncope episode, which manifests as a fainting or seizure type of spell.

21. The Employer was fully aware of Plaintiff's condition.

22. Surrounding this episode, there were numerous episodes where supervisory personnel threatened to replace Plaintiff or that Plaintiff's job could be eliminated.

23. On or about January 6, 2003, Plaintiff commenced a two-week medical leave of absence.

24. Plaintiff suffers from stress-related anxiety, which has caused fainting episodes. This impairment affects one or more of Plaintiff's major life activities including his ability to stand, walk, sleep, concentrate, and work.

25. At all times material to the allegations of this Complaint, except during Plaintiff's approved leave(s) of absence, Gasbarro has been able, with or without reasonable accommodation, to perform the essential functions of his position.

26. On or about January 20, 2003, the last day of Plaintiff's medical leave, Plaintiff spoke to the Employer's Director of Corporate Operations and voiced certain concerns and complaints regarding the harassment and intimidation that he had been receiving from his immediate supervisor. Plaintiff was directed to the office of Human Resources.

27. Plaintiff returned to work the following day, January 21, 2003.

28. Within a few days, Plaintiff contacted the Department of Human Resources, to state is concerns and complaints relative to what he perceived to be unlawful workplace treatment.

29. A short time later, on or about February 11, 2003, Plaintiff was called into a meeting with management personnel.

30. At this meeting, Plaintiff was presented with a written warning citing him for poor performance.

31. Plaintiff had never been previously disciplined regarding any alleged performance inadequacies.

32. Plaintiff did not sign this warning, because the employer did not state any valid or reasonable explanation to support this warning.

33. After this meeting, Plaintiff was unable to return to work the next day due to severe anxiety and depression, and his treating physician subsequently took him out of work for ten weeks for medical reasons.

34. On or about April 8, 2003, while on medical leave, Plaintiff received a telephone call from the employer, informing him that his job was going to be eliminated, but that the employer did not intend to take any formal action regarding his employment status until he indicated his intention to return to work.

35. On June 10, 2003, after he notified the employer of his intention to return to work, Plaintiff was terminated.

36. The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory, and retaliatory treatment, and suspended him, as a result of his disability status.

37. The wrongful actions by Defendant and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost active employment, lost wages, lost benefits (including pension credits), humiliation, embarrassment, emotional and physical harm, and other damages.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## ADA-42 U.S.C. §12117
### Discriminatory Terms and Conditions of Employment
### Unlawful Suspension
### Failure To Accommodate
### Retaliation

38. Paragraphs 1-37 above are incorporated herein by reference in their entirety.

39. At all times material to the allegations of this Complaint, Gasbarro was a qualified individual with a disability within the meaning of ADA, in that he had a physical or mental impairment that substantially limits one or more of his major life's activities, had a record of such an impairment, and/or was regarded by Defendant as having such an impairment.

40. Despite his disability or impairment, Gasbarro was able to perform the essential duties of his position, either with no need for accommodation or with reasonable accommodation.

41. The Defendant has engaged in unlawful employment practices in violation of the ADA §§ 102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. §§12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections.

42. The unlawful practices engaged in by the Defendant include, but are not limited to, Defendant's conduct in refusing to accommodate Plaintiff, forcing the Plaintiff to work under discriminatory terms and conditions of employment, retaliating against Plaintiff, and suspending the Plaintiff.

43. But for the Defendant's intent to discriminate against Gasbarro because of his status as a qualified person with a disability, Defendant would not have engaged in the conduct referenced in this Complaint.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## M.G.L.A. CH. 151B, et seq.
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## TERMINATION
## FAILURE AND REFUSAL TO ACCOMMODATE
## RETALIATION

44. The allegations contained in paragraphs 1-37 above are incorporated herein by reference in their entirety.

45. The Defendant's discriminatory conduct, policies, and practices are violative of the provision of the M.G.L.A. CH. 151B et seq., by:

   a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability;

   b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

   c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his disability; and

   d. causing him lost income and benefits, humiliation, physical and emotional injury, a well as harm to his personal and professional reputation.

46. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Gasbarro's status as a qualified employee with a disability. Such practices include, but are not limited to, Defendant's:

    a.    terminating Gasbarro because of his disability;

    b.    refusing to reasonably accommodate Gasbarro;

    c.    forcing Gasbarro to work under discriminatory terms and conditions of employment; and

    d.    retaliating against Gasbarro for asserting his rights to be free from discrimination based on disability; and for opposing practices forbidden under M.G.L.A. CH. 151B, including, but not limited to §4(4).

47. But for the Defendant's intent to discriminate against Plaintiff because of his disability, Defendant would not have suspended Plaintiff, subjected him to discriminatory terms and conditions of employment, or refused his request for reasonable accommodation.

48. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's disability. The Defendant's conduct has unlawfully deprived Plaintiff of his active employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to his reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT III
## NEGLIGENT TRAINING AND SUPERVISION
## OF ITS SUPERVISORS AND MANAGERS

49. Paragraphs 1-37 above are incorporated herein, by reference, in their entirety.

46. Defendant owed a duty of care and responsibility to Plaintiff, regarding its supervisors and managers and others with authority over the Plaintiff. Said duty required the Defendant to:

    a. properly train its supervisors and managers regarding appropriate workplace conduct;
    b. exercise reasonable supervision and monitoring of the conduct of said individuals;
    c. take prompt and appropriate remedial action when it came to Defendant's attention that said individuals were engaging in inappropriate or unlawful conduct; and
    d. take the steps necessary to provide the Plaintiff with a safe and lawful workplace.

47. The Defendant acted as an unfit and unsuitable employer, in the manner in which it trained and supervised their supervisors and managers, and by failing to take the action referenced in the preceding paragraph.

48. The Defendant breached the duty of care owed to the Plaintiff to exercise the ability, skill, and care customarily exercised by employers, in the hiring, training, supervision, and monitoring of the attitude and performance of its supervisors and managers.

49. As the direct, foreseeable result of the Defendant's tortuous conduct, the Plaintiff has suffered lost wages, benefits, and has suffered other severe damages.

12

## COUNT IV
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. s 621 ET SEQ.

50. Paragraphs 1-37 above are incorporated herein, by reference, in their entirety.

51. The Defendant's conduct, as otherwise referenced in paragraphs 1-37 above was solely by an intent to discriminate against Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. s 621 et seq.

52. The Defendant's conduct, as otherwise referenced in paragraphs 1-37, above, was motivated in part by an intent to discriminate against the Plaintiff on the basis of her age, in violation of the ADEA, 29 U.S.C. s621 et seq.

53. The conduct by the Defendant referenced in paragraph 1-37, above, represents a willful violation of section 4(a)(1) and (2) of the ADEA, 29 U.S.C. section 623 (a)(1) and (2), and other sections, by continuously maintaining age-based employment policies which have the intended objective of excluding qualified employees, including Plaintiff, from employment opportunities, solely on the basis of age.

54. Defendant willfully engaged in a policy or practice of arbitrarily and summarily discriminating against employees in the protected age category, including Plaintiff, in violation of the ADEA, 29 USC section 621 et seq.

55. The Defendant's discriminatory conduct, policies, and practices regarding workplace treatment, compensation, promotion and retention are violative of the provision of the ADEA, 29 USC section 621 et seq., by:

  a.)  interfering with Plaintiff's right to avail himself to the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;

  b.)  depriving his of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

  c.)  treating his in a hostile, demeaning, and otherwise unlawful manner based on his age; and

  d.)  causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his personal and professional reputation.

56. The unlawful practices engaged in by the Defendant was motivated by impermissible and unlawful considerations concerning Plaintiff's age. Such practices included, but were not limited to, Defendant's

  a.)  terminating Plaintiff because of his age; &

  b.)  retaliating against Plaintiff for asserting his right to be free from discrimination based on age.

57. But for the Defendant's intent to discriminate against Plaintiff because of his age, Defendant would not have terminated Plaintiff or subjected him to discriminatory terms and conditions of employment.

58. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has caused him extreme humiliation, as well as physical and emotional injury.

59. By its conduct, the Employer has failed in its affirmative duty under the ADEA, by its failure to exercise reasonable care and diligence, to maintain a work environment free of discrimination against workers in the protected age category.

WHEREFORE, Plaintiff prays that the judgment be entered herein against Defendant and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a. an order that Defendant institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of disability status;

b. an order that the Defendant make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to his position of active employment, or some other appropriate position, with appropriate increases, benefits status, and promotional opportunities;

c. an order that the Defendant make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment while without insurance, losses in pension entitlement, vacation pay and other benefits, and the costs of seeking new employment, in amounts to be determined at trial;

d. an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to

emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e. grant attorney's fees and the costs of this action;

f. grant punitive damages, as appropriate, to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g. grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued;

h. any and all penalties and damages available pursuant to state or federal statute; and

i. grant such further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in the Complaint as of right by jury.

Respectfully Submitted,
Robert E. Gasbarro
By His Attorney,

_____
Stephen T. Fanning #542343
305 South Main Street
Providence, RI 02903
401-245-5802
401-245-4520 (FAX)

# CHARGE OF DISCRIMINATION

Attachment A

affected by the Privacy Act of 1974; See Privacy Act Statement before this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | 031302073 |
| ☐ EEOC | 16CA302294 |

MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION _____ and EEOC
*State or local Agency, if any*

(Indicate Mr., Ms., Mrs.)
ROBERT GASBARRO

HOME TELEPHONE (Include Area Code)
401-353-4527

STREET ADDRESS: 6 TWINS LANE
CITY, STATE AND ZIP CODE: N. PROVIDENCE, RI 02904

DATE OF BIRTH: 5-11-47

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME: CHISWICK, INC.
NUMBER OF EMPLOYEES, MEMBERS: 500+
TELEPHONE (Include Area Code): 978-443-9592

STREET ADDRESS: 33 UNION AVE.
CITY, STATE AND ZIP CODE: SUDBURY, MA 01776
COUNTY: Middlesex

RECEIVED AUG - 5 2003

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST / LATEST: 2/11/03

☒ CONTINUING ACTION

THE PARTICULARS (If additional space is needed, attach extra sheet(s)):

At the time of the events pertinent to this charge, I was fifty-five years old. I began working for Chiswick, Inc. as the Manager of Inventory Control, in March of 2000. During the term of my employment, I performed all of my duties in a satisfactory manner, meeting or exceeding the employer's legitimate expectations. In fact, my only two periodic performance reviews indicated that I performed in a manner exceeding the employer's requirements. During the last several months of my employment, I experienced treatment by supervisory personnel which I perceive as having a negative impact on the terms and conditions of my employment, as well as my emotional and physical well-being. Specifically, during the several months prior to my termination, I suffered extreme stress and anxiety in the workplace due to what I consider to be threatening and harassing treatment by supervisory personnel. In January 2003, the stress and anxiety emanating from the workplace, culminated to the point where I suffered a syncope episode, which manifests as a fainting or seizure type of spell. The company was fully aware of my condition. Surrounding this episode, there were numerous incidents where supervisory personnel threatened to replace me, or that my job could be eliminated. On or about, January 6, 2003, I commenced a two-week medical leave of absence. On or about January 20, 2003, the last day of my medical leave, I spoke to the employer's Director of Corporate Operations. I voiced certain concerns and complaints regarding the harassment and intimidation that I had been receiving from my immediate supervisor. He directed me to the office of Human Resources.

*CONTINUED ON ATTACHED SHEET*

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

*Robert E. Gasbarro* 8/4/03
Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*Robert E. Gasbarro*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)
8/4/03

MARGARET S. FANNING
Notary Public of Rhode Island

XC FORM 5 (Rev. 06/92)

## ATTACHMENT TO CHARGE OF DISCRIMINATION
### RE: *ROBERT GASBARRO*

The next day, on or about January 21, 2003, I returned to work. Within a few days, I contacted the Department of Human Resources, to state my concerns and complaints regarding what I perceived to be unlawful workplace treatment. A short time later, on or about February 11, 2003, I was called into a meeting with management personnel. At this meeting, I was presented with a written warning citing me for poor performance. I had never been previously disciplined regarding any alleged performance inadequacies. I did not sign this warning, because the employer stated no valid or reasonable explanation to support the warning. After this meeting, I was unable to return to work the next day due to severe anxiety and depression, and my treating physician subsequently took me out of work for ten weeks for medical reasons. On or about April 8, 2003, while on medical leave, I received a telephone call from the employer, informing me that my job was going to be eliminated, but the employer did not intend to take any formal action regarding my employment status until I indicated my intention to return to work. On June 10, 2003, after I notified my employer that I was cleared to return to work, I was terminated. Based on these facts, I believe that I have been discriminated against by my employer on the basis of my age and disability, and that my employer has retaliated against me for asserting my rights protected under state and federal law. This conduct is in violation of Title VII of the Civil Rights Act of 1964, MGL Chapter 151 B, and other state and federal laws, including the Age Discrimination in Employment Act and the Americans With Disabilities Act.

*[signature]*
SIGNATURE

8-4-03
DATE

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Attachment B

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Robert E. Gasbarro<br>6 Twins Lane<br>N. Providence, RI 02904 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

[ ]  On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2003-02294 | Rance A. O'Quinn,<br>Enforcement Supervisor | (617) 565-3192 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*

Robert L. Sanders,
Area Office Director

NOV 26 2004
(Date Mailed)

Enclosure(s)

cc:  CHISWICK, INC,
     33 Union Avenue
     Sudbury, MA 01776

Brie G. Fanning
The Law Office of Stephen Thomas Fanning
305 South Main Stree
Providence, RI 02903

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROBERT E. GASBARRO

## DEFENDANTS
CHISWICK, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Providence
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephen T. Fanning #3900
305 S. Main St. (401)272-8250
Providence, RI 02903

ATTORNEYS (IF KNOWN)
05-10933

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Discriminatory employment practices in violation of Title I of the Americans with Disabilities Act of 1990, 42 USC 12001 et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 2/24/05

SIGNATURE OF ATTORNEY OF RECORD
#542343

FOR OFFICE USE ONLY

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 24 P 1:53

U.S. DISTRICT COURT
DISTRICT OF MASS.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)

   GASBARRO vs. CHISWICK, INC.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
             740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

   NONE

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?    NO

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES _____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES _____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES _____  (a)  IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?   Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Stephen T. Fanning    #542343
ADDRESS            305 S. Main St.    Providence RI 02903
TELEPHONE NO.      401-272-8250

(Category.frm - 09/92)