UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| ROBERT E. GASBARRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-10366MLW |
| v. | ) |
| | ) |
| CHISWICK, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER AND ADDITIONAL DEFENSES

Defendant Chiswick, Inc. ("Defendant" or "Chiswick") hereby answers the Complaint ("Complaint") of Plaintiff Robert E. Gasbarro ("Plaintiff or Gasbarro") in the following manner:

## COMPLAINT

The introductory Paragraph of the Complaint contains introductory statements, arguments and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in the introductory Paragraph of the Complaint.

## JURISDICTION AND VENUE

1.   Paragraph 1 of the Complaint is a jurisdictional statement and contains introductory statements, arguments and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1 of the Complaint.

2.   Paragraph 2 of the Complaint is a jurisdictional statement and contains introductory statements, arguments and conclusions of law to which no response is required. To

the extent a response is required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint is a jurisdictional statement and contains introductory statements, arguments and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3 of the Complaint, except to admit that Chiswick maintains a place of business in Sudbury, Massachusetts.

4. Paragraph 4 of the Complaint is a jurisdictional statement and contains introductory statements, arguments and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4 of the Complaint, except to admit that on or about August 2003, Defendant received a copy of the Charge filed by Gasbarro with the Massachusetts Commission Against Discrimination/U.S. Equal Employment Opportunity Commission.

5. Paragraph 5 of the Complaint is a jurisdictional statement and contains introductory statements, arguments and conclusions of law to which no response is required. To the extent a response is required, Defendant states it is without sufficient knowledge to either admit or deny the allegations in Paragraph 5 of the Complaint.

## **PARTIES**

6. Defendant states it is without sufficient knowledge to either admit or deny the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint, except to admit that it is an employer.

10. Paragraph 10 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint, except to admit it is a supplier of packaging products.

11. Paragraph 11 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11 of the Complaint, except to admit it is an employer.

12. Paragraph 12 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Paragraph 13 contains introductory statements, arguments and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

**FACTS COMMON TO ALL COUNTS**

15. Defendant states it is without sufficient knowledge to admit or deny the allegations in Paragraph 15 of the Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint, except to state it is without sufficient knowledge to admit or deny the allegations concerning Plaintiff's allegations concerning Plaintiff's perceptions as alleged in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint, except to state it is without sufficient knowledge to admit or deny the allegations concerning Plaintiff's syncope episode as alleged in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint, except to admit that Plaintiff was out of work for two weeks starting on or about January 6, 2003.

24. Defendant denies the allegations in Paragraph 24 of the Complaint, except to state it is without sufficient knowledge to either admit or deny the allegations concerning Plaintiff's physical or mental health as alleged in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint, except to admit on February 11, 2003, Chiswick managers met with Plaintiff.

30. Defendant denies the allegations in Paragraph 30 of the Complaint, except to admit that Plaintiff was presented with a "Record of Discussion" ("ROD") concerning his poor performance.

31. Defendant denies the allegations in Paragraph 31 of the Complaint, except to admit that Plaintiff had not previously received a ROD.

32. Defendant denies the allegations in Paragraph 32 of the Complaint, except to admit that Plaintiff left the meeting without signing the ROD.

33. Defendant denies the allegations in Paragraph 33 of the Complaint, except to admit that Plaintiff did not return to work and provided Chiswick with a doctor's note dated February 13, 2003 stating "Stay out of work for 10 weeks".

34. Defendant denies the allegations in Paragraph 34 of the Complaint, except to admit that it advised Plaintiff on April 8, 2003 that it was eliminating his job as result of a reorganization.

35. Defendant denies the allegations in Paragraph 35 of the Complaint, except to admit that on June 10, 2003, Plaintiff's physician released him to return to work and Defendant terminated his employment effective that date.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**ADA–42 U.S.C. §12117**
**Discriminatory Terms and Conditions of Employment**
**Unlawful Suspension**
**Failure To Accommodate**
**Retaliation**

38. Defendant incorporates its responses to the allegations set forth in Paragraphs 1 through 37 as if set forth fully herein.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

Defendant denies that Plaintiff is entitled to judgment as set forth in the WHEREFORE clause of this Count and denies that Plaintiff is entitled to any damages or equitable relief.

**COUNT II**
**M.G.L.A. CH. 151B, et seq.**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**TERMINATION**
**FAILURE AND REFUSAL TO ACCOMMODATE**
**RETALIATION**

44. Defendant incorporates its response to the allegations set forth in Paragraphs 1 through 37 as if set forth fully herein.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

Defendant denies that Plaintiff is entitled to judgment as set forth in the WHEREFORE clause of this Count and denies that Plaintiff is entitled to any damages or equitable relief.

## COUNT III
## NEGLIGENT TRAINING AND SUPERVISION
## OF ITS SUPERVISORS AND MANAGERS

49. Defendant incorporates its response to the allegations of Paragraphs 1 through 37 as if set forth fully herein.

50. Defendant denies the allegations in the paragraph of the Complaint incorrectly numbered Paragraph 46.

51. Defendant denies the allegations in the paragraph of the Complaint incorrectly numbered Paragraph 47.

52. Defendant denies the allegations in the paragraph of the Complaint incorrectly numbered Paragraph 48.

53. Defendant denies the allegations in the paragraph of the Complaint incorrectly numbered Paragraph 49.

Defendant denies that Plaintiff is entitled to judgment as set forth in the WHEREFORE clause of this Count and denies that Plaintiff is entitled to any damages or equitable relief.

**COUNT IV**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. s. 621 ET SEQ.**

54. Defendant incorporates its response to the allegations set forth in paragraph 1 through 37 as if set forth fully herein.

55. Defendant denies the allegations in the paragraph of the Complaint incorrectly numbered Paragraph 51.

56. Defendant denies the allegations in the paragraph of the Complaint incorrectly numbered Paragraph 52.

57. Defendant denies the allegations in the paragraph of the Complaint incorrectly numbered Paragraph 53.

58. Defendant denies the allegations in the paragraph of the Complaint incorrectly numbered Paragraph 54.

59. Defendant denies the allegations in the paragraph of the Complaint incorrectly numbered Paragraph 55.

60. Defendant denies the allegations in the paragraph of the Complaint incorrectly numbered Paragraph 56.

61. Defendant denies the allegations in the paragraph of the Complaint incorrectly numbered Paragraph 57.

62. Defendant denies the allegations in the paragraph of the Complaint incorrectly numbered Paragraph 58.

63. Defendant denies the allegations in the paragraph of the Complaint incorrectly numbered Paragraph 59.

Defendant denies that Plaintiff is entitled to judgment as set forth in the WHEREFORE clause of this Count and denies that Plaintiff is entitled to any damages or equitable relief.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to judgment as set forth in the WHEREFORE clause of his Complaint and denies that Plaintiff is entitled to any damages or equitable relief.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

Plaintiff's complaint in whole or in part fails to state a claim upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiff waived or should be estopped from asserting some or all of the claims set forth in the Complaint.

### THIRD ADDITIONAL DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitations.

### FOURTH ADDITIONAL DEFENSE

Some or all of Plaintiff's claims are not actionable because the employment decision(s) challenged in his Complaint were justified by legitimate, non-discriminatory and non-pretextual business reasons.

**FIFTH ADDITIONAL DEFENSE**

Plaintiff's state-law claims are preempted.

**SIXTH ADDITIONAL DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful acts of Defendant, Plaintiff has failed to mitigate his damages.

**SEVENTH ADDITIONAL DEFENSE**

Some or all of Plaintiff's claims are barred to the extent that he failed to exhaust his administrative remedies prior to commencing this action.

**EIGHTH ADDITIONAL DEFENSE**

Some or all of Plaintiff's claims are barred to the extent that he fails to set forth a prima facie case of employment discrimination on the basis of handicap or age.

**NINTH ADDITIONAL DEFENSE**

Plaintiff's claims are not actionable because he is not a qualified individual with a disability who could perform the essential functions of his job with or without a reasonable accommodation.

**TENTH ADDITIONAL DEFENSE**

To the extent that Plaintiff's claims are based on alleged disparate treatment, he fails to identify any similarly situated employees who were treated differently.

**ELEVENTH ADDITIONAL DEFENSE**

Plaintiff's claims are not actionable because he cannot establish that Defendant's actions were a pretext for discrimination or in unlawful retaliation for activity protected under M.G.L. ch. 151B, Age Discrimination In Employment Act ("ADEA") 29 U.S.C. s. 621 et seq., or the Americans With Disabilities Act ("ADA") 42 U.S.C. §12117.

## TWELFTH ADDITIONAL DEFENSE

Defendant has complied with all laws and regulations and otherwise satisfied their statutory obligations toward Plaintiff under M.G.L. ch. 151B, the ADEA and the ADA.

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiff's negligence claim is barred by the workers' compensation statute exclusivity provision.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred to the extent he failed to comply with any jurisdictional or time requirements for filing his discrimination claims.

## JURY DEMAND

Defendant demands a jury trial on all claims so triable.

## RESERVATION OF RIGHTS CLAUSE

Defendant reserves its right to amend its answers and to assert any additional affirmative defenses as may become available or apparent during the course of discovery in this case.

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed with prejudice;

2. Defendant be awarded all costs of suit, including attorneys' fees; and

3. Defendant be awarded such other relief as the Court may deem proper.

Respectfully submitted,

Chiswick, Inc.
By its Attorneys,

__/s/ Brigitte Duffy_____
Richard L. Alfred (BBO# 015000)
Brigitte M. Duffy (BBO# 565724)
Jennifer Serafyn (BB0# 653739)
Seyfarth Shaw LLP
Two Seaport Lane
Suite 300
Boston, MA 02210
Phone: 617-946-4800
Fax:    617-946-4801

Dated:   July 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for every party via first class mail, postage prepaid, this 18th day of July, 2005.

__/s/ Brigitte Duffy_____
Brigitte M. Duffy
